UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CLAY, JR.,

    Petitioner,

v.

Case No. 4:06-cv-153
Hon. Janet T. Neff

STATE OF MICHIGAN,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

On October 30, 2003, petitioner pled guilty to second degree criminal sexual conduct with a person under 13 years of age, M.C.L. § 750.520c(1)(a), a crime with a maximum penalty of 15 years imprisonment. Plea Trans. (docket no. 17). In exchange for the plea, the government agreed to dismiss two counts of first degree criminal sexual conduct with a person under 13 years of age, each of which carried a maximum penalty of life imprisonment. *Id.* at 3, 9. The government also agreed not to prosecute any crimes arising from a second potential victim. *Id.* at 9.

On December 16, 2003, the court sentenced petitioner to a prison term of 84 months to 180 months. Sent. Trans. at 15 (docket no. 19). In reaching this sentence, the court observed: that the victim was petitioner's ten-year-old daughter; that petitioner had four prior assaults; that petitioner had a domestic violence conviction in 1998; that he was released from prison on July 3, 2003, after serving the maximum sentence for his offense; and that he committed the criminal sexual

conduct offense only three months after his release from prison. *Id.* at 12. The court determined that petitioner was a "true menace to society in general and, most specifically, to those who you live with, reside with, and to those who should have been able to depend upon you to do just the opposite." *Id.* at 15.

Petitioner, through counsel, filed a delayed application for leave to appeal the sentence, alleging three errors:

I. Whether the trial court erred in scoring offense variables 11 and 13 on the basis of inaccurate information, contrary to MCR 6.425 and contrary to [petitioner's] rights of due process.

II. Whether the trial court erred in scoring offense variable 13 where there was no record evidence of more than three crimes against a person within five years.

III. Whether the trial court erred in scoring offense variables 11 and 13 where the offense variables were scored in violation of [petitioner's] Sixth Amendment right to a jury trial.

Application (docket no. 20).

The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. John Clay Jr.*, No. 270814 (Mich. App. July 28, 2006). Petitioner raised the same three issues in his pro se application for leave to appeal to the Michigan Supreme Court, which denied the application. *People v. John Clay Jr.*, No. 132041 (Mich. Nov. 29, 2006).

Mr. Clay filed the present petition for habeas corpus, which sets forth three new grounds:

I. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

II. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

III. Denial of effective assistance of counsel.

Amended Petition (docket no. 3).

## II. Exhaustion

### A. The exhaustion requirement

Before the Court may grant habeas relief to a state prisoner pursuant to § 2254, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon the petitioner's constitutional claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The only issues that petitioner presented on appeal to both the Michigan Court of Appeals and the Michigan Supreme Court involved claims that the trial court erred in scoring offense variables which resulted in a longer minimum sentence under the Michigan sentencing guidelines. However, petitioner did not raise these claims in his habeas petition. Rather, the petition raises three new claims unrelated to the alleged sentencing errors. Because petitioner did not fairly

3

present these three new claims to both the Michigan Court of Appeals and the Michigan Supreme Court, these claims were not exhausted on his direct appeal. However, a habeas petitioner has not exhausted all available state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 USC § 2254(c). In this case, petitioner has such a procedure, because he can raise the issues through state collateral review pursuant to MCR 6.500 *et seq.* In summary, the habeas petition, as it now stands, contains three unexhausted claims.

> **B.    The stay and abeyance procedure applicable to "mixed" habeas petitions is not applicable here.**
>
> **1.    The stay and abeyance rule generally.**

Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss "mixed" petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court discussed the ramifications of the interplay between the total exhaustion rule expressed in *Lundy* and the 1-year limitations period:

> As a result of the interplay between [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA's)] 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the

4

> District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.
>
> We recognize the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike. In an attempt to solve the problem, some district courts have adopted a version of the "stay-and-abeyance" procedure employed by the District Court below. Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Rhines*, 544 U.S. at 275-276.

Having defined the problem, the Supreme Court concluded that a district court has the discretion to stay a habeas corpus proceeding "in limited circumstances." *Id.* at 277. A "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Id.* In this situation, a court at least has jurisdiction to hear some of the claims. Under the stay and abeyance procedure, "courts now have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court, and then return to federal court." *Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006). The Supreme Court cautioned that federal courts should not utilize the "stay and abeyance" procedure frequently since doing so undermines the purpose of the AEDPA, which is to encourage finality and streamline federal habeas proceedings. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state

5

remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. If the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

### 2. The stay and abeyance procedure is inapplicable to a petition containing only unexhausted claims

The stay and abeyance procedure set forth in *Rhines* does not apply in this action, because petitioner did not file a "mixed" petition as contemplated in *Rhines*. Rather, he filed a petition consisting entirely of unexhausted claims. The one-year limitations period has expired, effectively precluding petitioner's ability to exhaust these claims and file a future federal habeas petition. *See* 28 U.S.C. § 2254. Courts have dismissed petitions comprised entirely of unexhausted claims under these circumstances, recognizing that dismissal of the petition in its entirety may bar the petitioner from re-filing the habeas petition.

For example, in *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), the court determined that the *Rhines* stay and abeyance rule did not apply to a petition alleging only unexhausted claims:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included. Such an extension would result in a heavy burden on the district court to determine whether a petitioner who files a petition that on its face is unexhausted may have other

6

> exhausted claims that could have been raised. Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.

*Rasberry*, 448 F.3d at 1154. *See also, United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice . . . stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first"); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970(W.D. Mich. June 1, 2009) (dismissing petition after concluding that the stay and abeyance procedure does not apply to a habeas petition containing only unexhausted claims); (*Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (a habeas petition is subject to dismissal, where petitioner did not exhaust any of his state court remedies on any of the claims presented in the petition); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540 at *7 (D. Minn. Aug. 10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims"); *Wilson v. Warren*, No. 06-cv-15508, 2007 WL 37756 at *2 (E.D. Mich. Jan. 4, 2007) ("in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *Draheim v. Harry*, No. 1:05-cv-587, 2005 WL 2758089 at *3 (W.D. Mich. Oct. 25, 2005) (concluding that the stay and abeyance procedure does not apply to a habeas petition containing only unexhausted claims).

Petitioner has failed to exhaust the three claims asserted in this habeas action. Accordingly, the petition should be dismissed for lack of exhaustion.

### III. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: November 3, 2009  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).