UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CLAY, JR.,

    Petitioner,                                                 Case No. 4:06-cv-153

v                                                          HON. JANET T. NEFF

STATE OF MICHIGAN,

    Respondent.
_____/

**OPINION**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court dismiss the petition for failure to exhaust remedies available in the state courts. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

      Petitioner's objections are generally not responsive to the Report and Recommendation. Petitioner appears to argue that error by the trial judge is good cause for his failure to exhaust (Dkt 24 at 2). Petitioner also argues that he should be given a stay and abeyance. In this regard, he

asserts that his claim is not plainly meritless and that "there is no indication that the [P]etitioner engaged in intentionally dilatory litigation tactics" (Dkt 24 at 2). As the Magistrate Judge stated, a stay and abeyance would only be allowed if Petitioner had some claims that were exhausted, i.e., if he had filed a "mixed petition" (Dkt 23 at 6-7). Therefore, Petitioner's arguments are without merit and his objections are denied.

Having so determined, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. For the reasons previously stated in the Magistrate Judge's Opinion and in this Opinion regarding each of Petitioner's objections, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: December 18, 2009          /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge